PETER A. BEE*
RICHARD P. READY
WILLIAM C. DEWITT
ANDREW K. PRESTON**
STEPHEN L. MARTIR**

OF COUNSEL:

RHODA Y. ANDORS

* ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ

# BEE READY LAW GROUP, LLP

170 Old Country Road, Suite 200
Mineola, New York 11501
T. 516-746-5599 -- F. 516-746-1045
www.beereadylaw.com

ASSOCIATES:

PETER OLIVERI, JR.
THEODORE GORALSKI
JASON P. BERTUNA
**CHRISTOPHER J. NEUMANN
KEVIN SIMMONS
CATHERINE V. BATTLE

March 24, 2026

*__Via ECF__*

Hon. Frederic Block
United States Senior District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

>      *Re:      Abdullawal Adetunji v. Metropolitan Transportation Authority, et al.,*
>      *Docket No. 1:26-cv-01309*
>      *Our File No. 6178-2503*

Dear Judge Block:

We represent all Defendants in the above-referenced matter, wherein Plaintiff alleges, *inter alia*, that officers falsely arrested him and used excessive force in an interaction between the parties on February 12, 2025. I write pursuant to Your Honor's Motion Practices and Rules Section 2(a) to request a pre-motion conference to address the proposed filing of a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

Plaintiff contends that there was no probable cause for his arrest and that the force used against him was unnecessary and excessive. However, with respect to the false arrest claim (and related state law assault and battery claim), body worn camera footage taken by responding officers confirms their basis for charging Plaintiff. 21 NYCRR S. 1097.5(a) provides that "No person in a…train shall…occupy more than one seat". As officers approached Plaintiff on the train, he was observed to be lying across three seats, with his feet (shoes off) propped upon a fourth seat.

This is what officers saw as they approached Plaintiff after boarding the train:





Plaintiff admitted to committing a violation in officers' presence when questioned at a Public Authorities Law §1276 hearing held on July 2, 2025:

Q.      How many seats were you occupying at the time?
A.      Two.

PAL Transcript ("PAL"), P.26.

Pursuant to NYS CPL S. 140.10(1)(a), a police officer is authorized to arrest a person for any offense committed in their presence. Clearly, Plaintiff's arrest here is privileged as probable cause existed and his claims of false arrest must be dismissed.

Plaintiff was also charged with a violation of 21 NYCRR S. 1097.9, which provides that "No person shall refuse or fail to present a valid LIRR ticket, employee pass or dependent pass, or tender the applicable fare, as required". Plaintiff's testimony at the statutory hearing was clear - he did not show a ticket or pass to either the train conductor or the responding police officers.

The Supreme Court has set a two-pronged approach in determining the sufficiency of a claim. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949-50. The first prong is that while a Court must accept all allegations as true, the Court may not apply this prong if "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are all that is being offered. *Id.* It is on this prong that Plaintiff's claim for: Negligent Hiring and Retention, Intentional and Negligent Infliction of Emotional Distress, Malicious Prosecution, and unspecified Civil Rights Violations must be dismissed.

Plaintiff's complaint recites "the defendants, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their police officers, agents, servants, and employees and were negligent in the hiring, training and retention of the defendants." This claim does not offer any facts to support this claim, nor does it provide any further elaboration into how negligent hiring played a role in Plaintiff's "injury" other than the MTAPD engaged in it. As such, this claim must be dismissed as insufficiently pleaded. It is also well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity." *Lauer v. City of New York*, 240 A.D.2d 543, 544 (1997).

Similarly, with respect to Plaintiff's allegations of unspecified Civil Rights Violations, Courts have dismissed such complaints that are only conclusorily alleged. *See e.g.*, *Atadzhanov v. City of New York*, No. 21-CV-5098 (LJL), 2022 WL 4331304, at 11 (S.D.N.Y. Sept. 19, 2022) (dismissing *Monell* claim for failure to allege with greater detail City's failure to supervise and causal link to plaintiff's injury); *Fleming v. City of New York*, No. 18-CV-4866 (GBD), 2019 WL 4392522, at 6–9 (S.D.N.Y. Aug. 27, 2019) (dismissing *Monell* claim for failure to allege facts beyond "formulaic, boilerplate ... conclusory allegations").

A copy of Plaintiff's PAL transcript, and the incident report generated as a result of the underlying incident are enclosed (and were previously disclosed to Plaintiff in our Fed. R. Civ. P 26(a) disclosures dated March 12, 2026).

We respectfully submit this information for the Court's consideration and defer to the Court as to whether any further submissions are warranted.

Respectfully submitted,
/s/

Encls.                                                    Andrew K. Preston